CV 09 1857

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------
SIFUL SHOEAL on behalf of himself and all others similarly situated

                Plaintiff,

-against-

RICHARD D. SYMANSKY, P.C.

                Defendant.
--------------------------------------------------------

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ MAY 04 2009 ★

LONG ISLAND OFFICE

MAUSKOPF, J.

REYES, JR, M.

## CLASS ACTION COMPLAINT

*Introduction*

1. Plaintiff seeks redress for the illegal practices of Richard D. Symansky, P.C. concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

*Parties*

2. Plaintiff is a citizen of the State of New York who resides within the State of New York.

3. Plaintiff is a "consumer" as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that defendant sought to collect from plaintiff a consumer debt, purportedly owed to Hudson Valley Federal Credit Union.

4. Defendant's principal place of business is located in Niskayuna, New York.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

## Jurisdiction and Venue

7. This Court has Federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

9. On information and belief, on a date better known by defendant, defendant began attempting to collect an alleged consumer debt from the plaintiff.

10. On or about December 16, 2008 the defendant sent the plaintiff an initial letter.

11. Said letter contains the dispute and validation language.

12. The said language in the December 16, 2008 letter contradicts the plaintiff's rights to dispute the debt within the initial thirty day period from receipt of the initial collection letter.

13. Said letter on December 16, 2008 contains deceptive language as follows: "It is most important that you make payment today, or contact this office immediately."

14. The said letter is in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692g for the defendant's threatening action which it did not intend and for deceptive practices and for contradicting the plaintiff's right to dispute the debt and seek verification thereof within the initial thirty day period.

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by plaintiff on behalf of himself and the members of a class, as against the defendant.*

15. Plaintiff restates, realleges, and incorporates herein by reference, paragraphs 1-14 as if set forth fully in this Cause of Action.

16. This cause of action is brought on behalf of plaintiff and the members of a class.

17. The Class consists of consumers who received the same form letter, as did the plaintiff.

18. The Class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter (a) bearing the defendant's letterhead in substantially the same form as the letters sent to the plaintiff on or about December December 16, 2008, (b) the collection letter was sent to a consumer seeking payment of a consumer debt purportedly owed to Hudson Valley Federal Credit Union; and (c) the collection letter was not returned by the postal service as undelivered (d) and that the letter contained violations of 15 U.S.C. § 1692g and 1692e(10).

19. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A) Based on the fact that the collection letters that are at the heart of this litigation are mass-mailed form letters, the class is so numerous that joinder of all members is impracticable.

(B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA using collection letters that did not contain the requisite notices mandated by the FDCPA.

    (C) The only individual issue is the identification of the consumers who received the letters, (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

    (D) The claims of the plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

    (E) The plaintiff will fairly and adequately represent the class members' interests. The plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The plaintiff's interests are consistent with those of the members of the class.

20.    A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

21.    If the facts are discovered to be appropriate, the plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

22.    Collection letters, such as those sent by the defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

23.    The defendant's actions violate the Fair Debt Collection Practices Act.

24. Because the defendant violated of the Fair Debt Collection Practices Act, the plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in her favor and on behalf of the members of the class, and against the defendant and award damages as follows:

(a) Statutory damages provided under the FDCPA, 15 U.S.C. 1692(k);

(b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c) Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Cedarhurst, New York
April 22, 2009

Adam J. Fishbein, P.C. (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

Adam J. Fishbein (AF-9508)